Argued July 14, decided July 22, 1913.

## STATE v. SPANOS.*

(134 Pac. 6.)

### Criminal Law—Evidence—Confessions—Admissibility.

1. A confession cannot be used against an accused unless the prosecution can show its free and voluntary character and that neither duress, intimidation nor inducement caused it.

[As to the admissibility and sufficiency to convict of confessions, see notes in 65 Am. Dec. 676; 6 Am. St. Rep. 242; 41 Am. St. Rep. 522. As to admissibility of confession induced by exhortation, see note in Ann. Cas. 1913B, 303; and as to admissibility of confession of one shackled, incarcerated in dark cell, etc., see note in Ann. Cas. 1912B, 1056.]

---

*The authorities on the question when a confession is voluntary are collated in an elaborate note in 18 L. R. A. (N. S.) 772. And as to the admissibility of evidence obtained by involuntary or inadmissible confession, see note in 53 L. R. A. 402. And upon the admissibility of confessions, generally, see notes in 28 L. Ed. 262 and 42 L. Ed. 568.                REPORTER.

Criminal Law—Evidence—Confessions—Questions for Court.

2.   Whether a confession is voluntary is an inquiry addressed to the trial court, and its determination will not be reviewed on appeal unless error is manifest.

Criminal Law—Evidence—Confessions—Voluntary Character.

3.   In a prosecution for homicide, evidence *held* insufficient to show the involuntary character of a confession.

Criminal Law—Evidence—Confessions.

4.   In a prosecution for homicide, testimony concerning a shirt and other articles found near the place of the crime is admissible where there is connecting testimony sufficient to warrant an inference that the articles belonged to accused or were used by him in the perpetration of the offense.

Criminal Law—Appeal—Harmless Error.

5.   In a prosecution for homicide, the refusal of the trial court to have the jury withdraw while determining the admissibility of a confession was harmless where the confession was found to be admissible.

From Jackson: FRANK M. CALKINS, Judge.

Statement by MR. JUSTICE McNARY.

The defendant, Mike Spanos, was sentenced to receive the death penalty.   On December 2, 1912, defendant and one Frank Seymour were jointly indicted by the grand jury of Jackson County for the murder of Geo. Dedasklou.   Separate trials were demanded, and defendant's conviction followed on December 14, 1912.

AFFIRMED.

For appellant there was a brief over the names of *Messrs. De Armond & De Armond,* with an oral argument by *Mr. H. L. De Armond.*

For the state there was a brief over the names of *Mr. Andrew M. Crawford,* Attorney General, and *Mr. E. E. Kelley,* District Attorney, with an oral argument by *Mr. Crawford.*

MR. JUSTICE McNARY delivered the opinion of the court.

The state, at the entrance way of this case, challenges the sufficiency of the record on appeal presented

by defendant. We shall for the purposes of this case assume the completeness of the record and proceed to examine the questions introduced on their merits. The first attack is directed against the admission in evidence of a purported confession made by defendant. A short time after his arrest and while incarcerated in the county jail of Jackson County, Oregon, the defendant made a confession of his participation in the crime charged against him, which counsel claim was not due to the voluntary impulse of defendant but resulted from a process of extraction which is characterized as "the third degree method."

. 1. It is a fundamental rule of criminal law that a confession cannot be used against a defendant unless the prosecution can show its free and voluntary character, and that neither duress nor intimidation, hope nor inducement caused defendant to furnish such evidence against himself: *State* v. *Wintzingerode,* 9 Or. 153; *State* v. *Moran,* 15 Or. 262 (14 Pac. 419) ; *State* v. *Rogoway,* 45 Or. 601 (78 Pac. 987, 81 Pac. 234, 2 Ann. Cas. 431) ; *State* v. *Roselair,* 57 Or. 8 (109 Pac. 865) ; *State* v. *Garrison,* 59 Or. 440 (117 Pac. 657) ; *State* v. *Humphrey,* 63 Or. 540 (128 Pac. 824) ; *People* v. *Borello,* 161 Cal. 367 (119 Pac. 500, 37 L. R. A. (N. S.) 434) ; *State* v. *Miller,* 61 Wash. 125 (111 Pac. 1053, Ann. Cas. 1912B, 1053).

2. Whether the confession was voluntary or otherwise is an inquiry addressed to the trial court, and its determination will not be molested on an appeal unless error is plain and manifest: *State* v. *Rogoway,* 45 Or. 601 (78 Pac. 987, 81 Pac. 234, 2 Ann. Cas. 431) ; *State* v. *Garrison,* 59 Or. 440 (117 Pac. 657).

3. There is testimony, not necessary to particularize at length, given by defendant tending to show that the confession was extorted from him in obedience to a plan of conduct pursued by the district attorney,

sheriff, a newspaper man, and the jailer, which produced an effect efficient to overcome the mental poise of defendant and caused him to confess a crime he had not committed. The plan employed, so defendant asserts, was briefly this: Defendant was placed alone in a "Pauly" cell distant from the other prisoners, where the jailer daily and the newspaper man would frequently visit defendant and urge him to confess by stimulating the idea the people were against him; that the jury were picked, and he would hang unless he confessed, and advised and importuned him to send for the district attorney, who would assure defendant of his freedom within a period ranging from one to five years. The testimony of defendant is wholly uncorroborated by any character of evidence and is directly contradicted by all of the witnesses involved by the defendant and others in addition thereto.

The confession offered in evidence was reduced to writing, signed by defendant, and contained a detailed statement of the methods employed by defendant and his consorts to encompass the death of their victim. We deem a recital of the gruesome facts profitless, and rest by saying they show a murderous act committed in a deliberate and foul manner.

The prosecution offered in evidence the testimony of the officers of the law connected with the case and a number of other responsible witnesses to the effect that defendant, while uninfluenced by any insidious surroundings, expressed a desire to make a breast of the facts connected with the commission of the crime; that he was apprised before making the confession that what he said would be used against him and that any statement made must be the offspring of his own free will and accord.

After a painstaking study of the evidence adduced at the trial, we cannot say that the presiding judge,

in admitting the confession, committed an error manifest and clear, and in consequence thereof we are forbidden by the legal policy of the state from disturbing the determination of the trial court.

4. An assignment of error is specified but not argued that the court committed error in permitting testimony to be submitted to the jury concerning a shirt and other articles found near the place where the homicide occurred. The introduction of this evidence was quite proper, for there was ample testimony offered from which the jury might logically infer that the several articles were the property of or were used by the defendant in the perpetration of the crime charged in the indictment. The force and value of the offering was a consideration residing exclusively with the jury.

5. As a final contention, counsel for the defendant take the position the court erred in denying the request that the testimony to determine the admissibility of the confession be heard in the absence of the jury. It is impossible to see how the defendant could have been prejudiced by the action of the court of which he complains. Doubtlessly, to facilitate the dispatch of business, the court permitted the testimony concerning the character of the confession to be given in the hearing of the jury. Inasmuch as the court decided the confession was admissible, no error was committed in permitting the jury to receive the evidence while the court was acting as a tribunal to estimate its competency.

Believing no error was committed, the judgment of conviction is affirmed.                      AFFIRMED.

MR. CHIEF JUSTICE MCBRIDE, MR. JUSTICE BEAN and MR. JUSTICE EAKIN concur.