Argued May 4, affirmed May 18, petition for rehearing
denied June 14, 1966

## LUGO *v.* GLADDEN
414 P. 2d 324

*David R. Vandenberg, Jr.* and *Glenn D. Ramirez,*
Klamath Falls, argued the cause and submitted briefs
for appellant.

*Harry D. Lewis,* Special Assistant Attorney General, Klamath Falls, argued the cause for respondent.
With him on the brief was Sam McKeen, District Attorney, Klamath Falls.

Before McAllister, Chief Justice, and Perry,
Sloan, Goodwin, Denecke, Holman and Schwab, Justices.

SCHWAB, J. (Pro Tempore).

Plaintiff Lugo appeals from an order denying him post-conviction relief.

As plaintiff's brief recites, "Plaintiff-Appellant is attempting to set aside his previous conviction and sentence of life imprisonment upon the charge of Murder in the First Degree, upon the sole basis urged at the trial that his confession was obtained without his being effectively advised of his right to remain silent and of his right to counsel prior to his interrogation and taking of said statement by a member of the District Attorney's office." He does not contend that the statement was coerced or contained untruths.

The trial which resulted in his conviction was held in January of 1960. The written statement which plaintiff refers to as a confession was introduced in evidence. At the trial he took the stand and testified to substantially the same matter contained in his confession, namely that he was in fear of the deceased and that he had killed him in self-defense. After conviction he commenced an appeal which he later abandoned. On Lugo's motion his appeal was dismissed by this court on January 26, 1961.

The trial judge in the post-conviction proceedings found that the statement obtained from Lugo was a confession but, citing *State v. Unsworth,* 240 Or 453, 402 P2d 507, that he was not entitled to relief because he had taken the stand in his own defense "and admitted in substance the same admissions contained in his statement admitted in evidence," thereby waiving "any right to object to any admission made by him without his first having been advised of his right to counsel and his right to remain silent * * *."

We need not consider whether or not the statement constituted a confession as distinguished from an ex-

culpatory statement, nor do we reach the question of the applicability of *State v. Unsworth, supra.*

The order of this court dismissing Lugo's appeal was a final judgment affirming his conviction. Since it was entered more than 90 days prior to *Escobedo v. Illinois,* 378 US 478, 84 S Ct 1758, 12 L Ed2d 977 (1964), Lugo cannot benefit from the *Escobedo* decision and subsequent opinions of this court construing and applying that decision. *Elliott v. Gladden,* 244 Or 134, 411 P2d 287; *Guse v. Gladden,* 243 Or 406, 414 P2d 317.

The judgment of the trial court is affirmed.