UNITED STATES of America ex rel.
Lawrence PIERCE

v.

Warren PINTO.

Civ. A. No. 564–66.

United States District Court
D. New Jersey.

Sept. 29, 1966.

Supplemental Opinion Oct. 28, 1966.

**730**

Brendan T. Byrne, Essex County Prosecutor, Newark, N. J., for respondent.

Lawrence Pierce, pro se.

## OPINION and ORDER

WORTENDYKE, District Judge:

Petitioner (Pierce) is presently serving a 16–23 year sentence pursuant to conviction, on November 25, 1959 in the Essex County Court of the State of New Jersey, for armed robbery. Petitioner is presently incarcerated in the New Jersey State Prison Farm, Rahway, New Jersey.

In this petition for a Writ of Habeas Corpus, petitioner alleges the erroneous admission into evidence of a purported confession, contending that this was a denial of due process of law under the Constitution of the United States.

█ Petitioner's application for Post-Conviction Relief under the Rules of Procedure of the State of New Jersey has been denied. There is no indication that petitioner has pursued the appellate procedure in the State of New Jersey but, in any event, time for such appeal has expired. It is necessary to exhaust *only one* of several alternative State remedies. Brown v. Allen, 344 U.S. 443, 448, 73 S.Ct. 397, 97 L.Ed. 469 (1953). The statutory requirement of exhaustion of State remedies refers only to such remedies as are *still open* to the petitioner at the time he files his application for habeas corpus. Fay v. Noia, 372 U.S. 391, 399, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963).

██ The transcript of petitioner's trial, at page 21, indicates that the trial court felt that it was within its discretion to hear testimony in regard to the voluntariness of the petitioner's incriminating statement in or out of the presence of the jury. The transcript also indicates that the question of voluntariness was heard and determined by the trial court in the presence of the jury. There was no objection by petitioner's counsel to this procedure. However, this procedure was erroneous. The question of voluntariness should have been heard in the absence of the jury. United States v. Carignan, 342 U.S. 36, 38, 72 S.Ct. 97, 96 L.Ed. 48 (1951) cited with approval in Jackson v. Denno, 378 U.S. 368, 395, note 23, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964). The petitioner was entitled to a State court hearing, on the question of voluntariness of his statement, in a proceeding separate and apart from the body trying the issue of his guilt or innocence. Jackson v. Denno, supra at 394, 84 S.Ct. 1774; cited with approval in United States ex rel. Dickerson v. Rundle, 363 F.2d 126, 130 (3rd Cir. 1966) reh. denied August 15, 1966. The trial court must hear the testimony and make a determination in the absence of the jury.

█ These further proceedings to which I find petitioner entitled should occur initially in the State court rather than in a federal habeas corpus proceeding. The State is entitled to make this determination before this Court considers the question on a petition for habeas corpus. Jackson v. Denno, supra, 378 U.S. at 393, 84 S.Ct. 1774.

It is, accordingly, ORDERED on this 29th day of September, 1966, that a Writ of Habeas Corpus issue but its effectiveness stayed pending a decision of the respondent to either appeal the Order of this Court or to grant petitioner an evidentiary hearing on the voluntariness of his statement. If at that hearing, it is determined that the statement, which was introduced into evidence at his trial, was voluntary and therefore admissible, a new trial will be unnecessary; however, if it is determined at that hearing that the statement was involuntary, the petitioner is required to be given a new trial with the statement, or statements, found to be involuntary, excluded. Failing this, the petitioner is entitled to be released. See United States ex rel. Dickerson v. Rundle, supra, 363 F.2d at 130.

## SUPPLEMENTAL OPINION and ORDER

This Court's Opinion and Order in this cause was filed on September 29, 1966, after deliberate study of the pertinent portions of the trial record and without having held a hearing. This procedure, of course, was proper. Brown v. Allen, 344 U.S. 443, 463, 73 S.Ct. 397, 97 L.Ed. 469 (1953). Subsequently, on October 3, 1966, the respondent moved for reargument. This motion was granted in the light of the significant Constitutional question involved. Thereafter, on October 10, 1966, petitioner filed a "Petition for Rehearing or Certificate of Probable Cause (In Forma Pauperis)". This Supplemental Opinion and Order will address itself to both the contentions urged by the respondent upon the return date of the motion for reargument and the further relief sought by the petitioner in his new application.

## RESPONDENT'S REARGUMENT

Respondent asserted the following contentions: (1) petitioner has not exhausted available State remedies; (2) the New Jersey procedure comports with the due process requirements of the Fourteenth Amendment; (3) the decision in *Pierce* should not be retroactive; (4) the Constitutional requirement is satisfied if the Court, with the jury present, in fact found the confession to have been voluntary; and (5) since a new trial is not required, the decision of Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (June 13, 1966) is not applicable.

I find no merit in the first four contentions urged by the respondent. It is clear, not only upon the authority of United States v. Carignan, 342 U.S. 36, 38, 72 S.Ct. 97, 96 L.Ed. 48 (1951), Jackson v. Denno, 378 U.S. 368, 376–377, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964), and United States ex rel. Dickerson v. Rundle, 363 F.2d 126, 130 (3rd Cir. 1966), but also upon the additional authorities cited immediately hereafter, that failure of the trial court to conduct an initial, independent hearing, out of the presence of the jury, to determine the *admissibility* of a confession by resolving the question of voluntariness is a denial of due process within the intendment of the Fourteenth Amendment. Boles v. Stevenson, 379 U.S. 43, 45, 85 S.Ct. 174, 13 L.Ed.2d 109 (1964); United States ex rel. Dickerson v. Rundle, 238 F.Supp. 218, 220 (E.D.Pa.1965); Mitchell v. Stephens, 353 F.2d 129, 144 (8th Cir. 1965) cert. denied 384 U.S. 1019, 86 S.Ct. 1966, 16 L.Ed.2d 1042 (1966); Trotter v. Stephens, 241 F.Supp. 33, 46 (E.D.Ark.1965); Stewart v. Stephens, 244 F.Supp. 982, 993 (E.D.Ark.1965). However, as to the fifth point urged by respondent, that since a new trial is not required the decision of Miranda v. State of Arizona, supra, is not applicable, I am not convinced that this is so. *Miranda* must be followed in a retrial held after June 13, 1966 even though the original trial was held before that date. Gibson v. United States, 363 F.2d 146, 148 (5th Cir. 1966). This being so, it appears that the State of New Jersey would be bound to adhere to the dictates of Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964) and *Miranda* in the event of a new hearing for petitioner in regard to the involuntariness claim. "Thus while *Escobedo* and *Miranda* provide important new safeguards against the use of unreliable statements at trial, the non-retroactivity of these decisions will not preclude persons whose trials have already been completed from invoking the same safeguards as part of an involuntariness claim." Johnson v. State of New Jersey, 384 U.S. 719, 730, 86 S.Ct. 1772, 1779, 16 L.Ed.2d 882 (1966).[1]

## FURTHER RELIEF SOUGHT BY PETITIONER

Petitioner seeks alternatively the following: (1) a new trial because he asserts that the trial court prejudicially influenced the jury by its remarks as to voluntariness, (2) an amendment of this Court's Order to provide that petitioner

---

1. This observation is academic in view of what I decide hereafter.

is entitled to an evidentiary hearing in accordance with the safeguards of Escobedo v. State of Illinois, supra, and Miranda v. State of Arizona, supra, upon his involuntariness claim, and (3) allowance of a certificate of probable cause, pursuant to 28 U.S.C. § 2253.[2]

In this Court's Opinion and Order, filed September 29, 1966, I held that the petitioner was entitled to an evidentiary hearing on the voluntariness of his statement. I further held that if it was determined upon such hearing that the statement was voluntary and therefore admissible, a new trial would be unnecessary. In so holding I sought to adhere to the directives of Jackson v. Denno, supra, and United States ex rel. Dickerson v. Rundle, supra. However, upon further study of these two cases both prior and subsequent to the reargument of this cause, I find both *Jackson* and *Rundle* distinguishable from this case.

Significantly, in both *Jackson* and *Rundle*, the question of voluntariness was submitted to the jury along with other evidence in the respective cases, *but in the absence of a prior independent determination of admissibility upon the voluntariness issue*. In the instant case, although, as I conclude, improperly, the trial judge *did make* a determination, and this determination was communicated to the jury and went with them to the jury room. In both *Jackson* and *Rundle,* the Courts based their respective decisions on the fact that the question of voluntariness was submitted to the jury without the trial court having made a *prior* determination as to the *admissibility* of such confession (giving due consideration to the voluntariness question in arriving

at the admissibility determination). It was therefore held in those two cases that the grant of an independent hearing on the admissibility-voluntariness question would be sufficient to insure the proper application of Constitutional principles to the trials of the respective defendants. Those two cases further held that in the event the confessions were deemed admissible-voluntary upon conclusion of the new hearing, it could not be said that the respective defendants had suffered a deprivation of Constitutional protections as the result of said confessions having been considered by the jury. However, in the instant case, the trial judge *did* make a determination, and communicated his finding to the jury.

 Even if the petitioner is granted a new hearing, and upon this hearing the confession is deemed to have been admissible-voluntary, it cannot be said that therefore the submission of the confession to the jury constituted no Constitutional harm to petitioner, because it cannot be determined, with any degree of certainty, what effect the trial judge's unconstitutional procedural conduct had upon the jury's ultimate determination of facts. The Constitutional error cannot be cured by affording to petitioner merely an independent evidentiary hearing. The effect upon the jury of the trial judge's disclosed determination cannot be assessed with sufficient certainty to insure that petitioner's trial comported with due process.[3]

I am mindful that the Court in *Jackson*, 378 U.S. at page 395, 84 S.Ct. 1774, stated that the State is free to grant a

---

2. Petitioner also claimed that the trial court's hearing of testimony on voluntariness in the presence of the jury resulted in compulsory testimony by petitioner in violation of his Constitutional protection against self-incrimination. Neither under the facts of this case, nor in the disposition of it, do I see need to decide this contention. Petitioner himself voluntarily testified upon this hearing, with the advice of counsel. I do not intimate, though, that under a proper set of facts, this would not be a justiciable question.

3. The Supreme Court of New Jersey has disapproved of the practice of a trial judge informing the jury of his finding on the admissibility-voluntariness question. State v. Smith, 32 N.J. 501, 549–560, 161 A.2d 520, 545–546, 551 (1960) cert. denied 364 U.S. 936, 81 S.Ct. 383, 5 L.Ed. 2d 367 (1961) ; State v. Walker, 33 N.J. 580, 593, 166 A.2d 567, 574 (1960). See Jackson v. Denno, supra, 378 U.S. at 404, note 7, 84 S.Ct. 1774.

new trial *if it so chooses*, but that this should not be required before the outcome of the new hearing on voluntariness is known. However, this case is factually distinguishable from *Jackson*, as stated above. The petitioner should not be required to raise again in the State courts a question which has already been raised there and decided adversely to him. See United States ex rel. Mancini v. Rundle, 219 F.Supp. 549, 554 (E.D.Pa. 1963) aff'd 337 F.2d 268, 272 (3rd Cir. 1964).

Having thus considered both the respondent's contentions on reargument and the application of the petitioner, it is on this 28th day of October, 1966, ORDERED that the relief prayed for in the motion of the respondent be and hereby is denied. It is further ORDERED that the application of petitioner for a new trial is granted. Upon the retrial of petitioner, the State of New Jersey shall adhere to the safeguards of *Escobedo* and *Miranda* in regard to the involuntariness claim. Gibson v. United States, supra.