**Ernest THOMAS, Petitioner,**

v.

**STATE OF NEW JERSEY, Respondent.**

**Civ. A. No. 790–66.**

United States District Court
D. New Jersey.

Jan. 10, 1967.

Ernest Thomas, pro se.

James A. Tumulty, Prosecutor of Hudson County, Jersey City, N. J., for respondent.

### OPINION AND ORDER

WORTENDYKE, District Judge:

On August 4, 1966, Ernest Thomas filed with the Clerk of this Court, without prepayment of fees, a petition for a Writ of Habeas Corpus wherein he complained that his Federal constitutional rights were violated in that he was arrested by the municipal police authorities of Jersey City, New Jersey, on January 22, 1959, and detained in police custody for five days without being taken before a Magistrate in violation of the Court Rules of the State of New Jersey. He further represents that he was admitted to bail on January 27, 1959; was indicted by a Grand Jury of the County; was arraigned upon the indictment, and was tried before a Judge and jury in the Hudson County Court. He was represented by counsel upon his trial, but on the third day thereof, October 29, 1959, petitioner did not appear for trial, although he had testified in his own behalf on the day preceding. Petitioner had gone to New York City on that day, where he took up his residence. On May 18, 1965, he was arrested in New York City and brought before a New York Magistrate and charged as a fugitive from the State of New Jersey under the indictment upon which he had been partly tried. He was thereupon extradited to New Jersey and incarcerated in the Hudson County Jail. His application to a New Jersey

County Judge for a Writ of Habeas Corpus was denied. Petitioner later was indicted for escape, arraigned upon said indictment, pleaded not guilty of the charge therein, and on September 17, 1965 was sentenced to imprisonment upon his conviction under the previous indictment during the trial of which he had fled the jurisdiction. Petitioner further shows that on October 25, 1965, while in New Jersey State custody, he applied for a Writ of Habeas Corpus to the New Jersey Superior Court in Mercer County, but failed to complete certain forms which the Clerk of that Court requested him to fill out in furtherance of his appeal. Petitioner's previous application to this Court for a Writ of Habeas Corpus (Civil No. 1299–65) was dismissed for failure to exhaust State remedies. Thereafter, on May 13, 1966, petitioner made application to the Hudson County Court for post-conviction relief pursuant to N.J.R.R. 3:10A–1 et seq. Petitioner is presently in State custody in the New Jersey State Prison pursuant to sentence imposed upon him by the New Jersey Court on September 17, 1965, upon Indictment No. 938–58.

Pursuant to an Order to Show Cause, filed on December 2, 1966 and returnable on January 9, 1967, petitioner was afforded a hearing in this Court on January 9, 1967. The respondent was also heard at this time. This hearing was not required, see Brown v. Allen, 344 U.S. 443, 463, 73 S.Ct. 397, 97 L.Ed. 469 (1953), but was granted in the light of the significant constitutional question involved.

It appears from an examination of the trial transcript that the trial court's preliminary hearing in regard to the admissibility-voluntariness aspect of the petitioner's alleged statement was conducted in the presence of the jury. This was error of constitutional dimensions and entitles the petitioner to a new trial. United States ex rel. Pierce v. Pinto, 259 F.Supp. 729, 731–733 (D.N.J.1966) aff'd *per curiam* 374 F.2d 472 (3rd Cir. 1967). This is so even though the alleged statement was ultimately excluded; [1] " * * * it cannot be determined, with any degree of certainty, what effect the trial judge's unconstitutional procedural conduct had upon the jury's ultimate determination of facts." Id. 259 F.Supp. at 732.

I am mindful that, in this Court's Opinion and Order filed February 18, 1966 in the cause of Ernest Thomas v. The People of the State of New Jersey, it was determined that petitioner's voluntary departure from the trial of his case amounted to a waiver not only of his constitutional right to be present throughout his trial but also of trial errors which may have occurred *during his intentional absence therefrom.* That determination does not affect the disposition of this present petition. The admissibility-voluntariness preliminary hearing was conducted *before* the petitioner departed; in fact, the petitioner himself testified during this preliminary hearing and was present when the trial court sustained defense counsel's objection to the admissibility of the statement.

Having thus considered this petition, it is on this 10th day of January, 1967 ORDERED that a Writ of Habeas Corpus issue but its effectiveness stayed for a period of sixty days pending a decision of the respondent to either grant the petitioner a new trial in accordance with this Opinion or effect the petitioner's immediate release.

---

1. Defense counsel objected to the admissibility of the statement, and this objection was sustained by the trial court. However, *immediately* thereafter the trial court permitted testimony *in regard to this statement;* even permitting the witness to use the very statement which had been declared inadmissible to refresh his recollection in order to testify as to the contents thereof. If the statement was inadmissible, how can oral testimony based directly upon such statement be admissible? See United States v. Riccardi, 174 F.2d 883, 886–889 (3rd Cir. 1949).