Charles J. CARTER, Petitioner,

v.

Frank A. EYMAN, Superintendent, Arizona State Prison, Florence, Arizona, Respondent

Civ. No. 6272.

United States District Court
D. Arizona.

March 9, 1967.

958

Darrell F. Smith, Atty. Gen. of Arizona, Phoenix, Ariz., for respondent.

No counsel for petitioner.

## OPINION AND ORDER

CRAIG, District Judge.

In the above entitled cause petitioner in persona propia files his petition for Writ of Habeas Corpus under Title 28, § 2254, U.S.C., and also files Motion for Change of Venue.

██  The Motion for Change of Venue is based on petitioner's allegation that "the judges of the United States District Court Phoenix, Arizona are prejudiced and biased and petitioner would not be afforded a fair and impartial hearing on the statements and/or admissions under Jackson v. Denno, 378 U.S. 368 [84 S.Ct. 1774, 12 L.Ed.2d 908], etc." He presents nothing in support of his allegation.

The Motion for Change of Venue is denied.

Petitioner has exhausted his State remedies and the Petition for Writ of Habeas Corpus will be received.

Petitioner was convicted in the Superior Court of the State of Arizona in and for the County of Maricopa after trial by jury on two counts of burglary, second degree; two counts of burglary, first degree; and four counts of grand theft. The convictions were appealed to the Court of Appeals of Arizona, and af-firmed by that Court (State v. Carter, 1 Ariz.App. 57, 399 P.2d 191).

Thereafter petitioner sought to have the Superior Court of the State of Arizona in and for the County of Maricopa vacate his conviction, which application was denied. Petitioner then sought a Writ of Habeas Corpus in the Court of Appeals of the State of Arizona, alleging that certain confessions admitted into evidence were involuntary, and that no specific determination had been made by the trial Court that the confessions were in fact voluntary. The Court of Appeals of Arizona, upon hearing the matter, ordered the Superior Court in Maricopa County to conduct a hearing for the purpose of determining whether or not the confessions and admissions in evidence were in fact voluntary.

Thereafter the Attorney General of Arizona sought a Writ of Prohibition directed to the Court of Appeals of Arizona upon the grounds that the Court of Appeals was without jurisdiction to issue such an Order, and the Superior Court in Maricopa County had no jurisdiction to hold the hearing directed by the Court of Appeals. The Supreme Court issued an Alternative Writ which was subsequently made permanent, based on Arizona Revised Statutes § 12–120.21. The Supreme Court stated that the Court of Appeals' jurisdiction was limited to original jurisdiction of habeas corpus and jurisdiction to issue "other writs necessary and proper to the complete exercise of its appellate jurisdiction"; that under the circumstances of the instant case, there being no appellate jurisdiction sought to be exercised in the Court of Appeals, the Alternative Writ of Prohibition was made permanent. State v. Court of Appeals of Arizona, Division 2, 101 Ariz. 166, 416 P.2d 599.

██  Petitioner bases his request on the rule of Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908. In *Jackson* the procedures in the State of New York with respect to the determination as to whether a confession was in fact voluntary were attacked constitutionally under the Due Process clause of

the Fourteenth Amendment. In *Jackson* the Supreme Court stated:

"It is now axiomatic that a defendant in a criminal case is deprived of due process of law if his conviction is founded, in whole or in part, upon an involuntary confession, without regard for the truth or falsity of the confession, * * *."

The Court stated further:

"Equally clear is the defendant's constitutional right at some stage in the proceedings to object to the use of the confession and *to have a fair hearing and a reliable determination on the issue of voluntariness*, a determination uninfluenced by the truth or falsity of the confession." (Emphasis supplied)

■■ In Sims v. State of Georgia, 87 S.Ct. 639, a similar attack as that in *Jackson* was made on the procedures in the State of Georgia. In *Sims* the Supreme Court pointed out:

"There is no actual ruling or finding on the record showing that the trial judge determined the voluntariness of the confession."

After reviewing the evidence in *Sims* the Court stated:

"Under *Jackson*, it was for the trial judge to first decide these conflicts and discrepancies."

The Court held in *Sims* that the rule in *Jackson* is "a constitutional rule binding upon the States and, under the Supremacy Clause of Article VI of the Constitution, it must be obeyed." The record in the instant case fails to disclose any specific determination by the trial court on the issue of voluntariness of the confessions or admissions of the petitioner. The Arizona Court of Appeals, Division 2, independently reached this finding when it issued its Order to the Superior Court of Arizona in Maricopa County to hold an evidentiary hearing to resolve that issue.

It is ordered that the above entitled cause be remanded to the Superior Court of the State of Arizona in and for the County of Maricopa for the purpose of holding an evidentiary hearing in order to determine whether or not the confessions and admissions admitted in evidence at the trial of petitioner Carter were in fact voluntary.