**Leonard Marvin LUGO, Appellant,**

**v.**

**Clarence T. GLADDEN, Warden, Oregon State Penitentiary, Appellee.**

**No. 21601.**

United States Court of Appeals Ninth Circuit.

Sept. 6, 1967.

Rehearing Denied Sept. 27, 1967.

Glenn Ramirez, Ramirez & Hoots, Klamath Falls, Or., for appellant.

Robert Y. Thornton, Atty. Gen., David H. Blunt, Asst. Atty. Gen., Salem, Or., for appellee.

Before MADDEN, Judge, United States Court of Claims, and BARNES and MERRILL, Circuit Judges.

BARNES, Circuit Judge:

This is an appeal by a state prisoner from a district court dismissal of a petition for a writ of habeas corpus.

In the Oregon trial court appellant urged as two defenses: self defense and intoxication; and that his confession should not be considered due to a lack of advice that he could have remained silent, and that he could have counsel. The defenses failed and he appealed. His appeal was dismissed on his own motion for lack of prosecution.

In post conviction remedies in the Oregon courts, this appellant relied solely on his failure to receive *"Escobedo"* rights. He never contended that his statement contained untruths, or was coerced. The Oregon trial court denied relief because Lugo had taken the stand in his own defense "and admitted in substance the same admissions contained in his statement admitted in evidence," hereby "waiving any right to object to any admission made by him without his first having been advised of his right to counsel and his right to remain silent" (414 P.2d 324), following State v. Unsworth, 240 Or. 453, 402 P.2d 507 (1965).

The Oregon Supreme Court denied his appeal solely on the nonretroactivity of Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964).

What appellant now describes as "the basic factual issue" is whether the taking of his confession introduced against him violated his constitutional right against self-incrimination. Appellant urges that he was coerced while intoxicated when he made it, and/or was "suffering from traumatic shock"; and that he was not informed of his right to remain silent and his right to an attorney.

 It is important to note that at the hearing in the district court it was *stipulated* the judge could decide the petition for habeas corpus on the pleadings, the exhibits, the transcript of Lugo's trial, the transcript of his post conviction hearing, and the briefs filed by each side in the Supreme Court of Oregon. Thus no hearing was required at which defendant was entitled to be present. The district court went thoroughly into two factual questions: defendant's intoxication and the voluntariness of his statement.

As to the representation Lugo was intoxicated and in shock, the district court judge found the claim "had no merit" (C.T. p. 14). Lugo's own statement to that effect, said the court, was "contradicted by the opinions of four other witnesses." (C.T. p. 15.)

 As to Lugo's right to remain silent and to have a lawyer, the Supreme Court of Oregon and the district court correctly held that *Escobedo* rights did not apply to his case, tried previously to *Escobedo.* Johnson v. State of New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882 (1966).

Appellant's counsel now states he does not quarrel with this latter finding, but asserts that, contrary to the assertion made by him to the Oregon state court,[1] appellant was coerced into confessing, without regard to any rights given by *Escobedo,* and that the issue of coercion and the voluntariness of the confession should have been determined by the Oregon trial court out of the presence of the jury.

This point the district court disposed of in the following language:

"There is no merit in this contention. The [Oregon] trial judge gave Lugo's lawyers an opportunity to present testimony about the statement's voluntariness in a hearing outside the pres-

---

1. In seeking post conviction relief before the Supreme Court of Oregon, appellant stated that he "does not contend that the statement was coerced or contained untruths." 414 P.2d 324.

ence of the jury. When the defense attorneys declined that opportunity, the judge admitted the statement." (C.T. p. 15.)

Thus, the district court did *not*, as appellant's counsel urges, rule that appellant was *not entitled* to a hearing out of the presence of the jury on the issue of voluntariness, but that appellant had, through his counsel, refused to accept, and had waived that right.

First, we need not and do not reach the issue raised but not passed upon by the Oregon Supreme Court, but relied upon by the Oregon trial court, *i. e.*, that appellant was "not entitled to relief because he had taken the stand in his own defense 'and admitted in substance the same admissions contained in his statement admitted in evidence,' thereby waiving 'any right to object to any admission made by him * * *.'" (414 P.2d 324.) Cf. State v. Unsworth, supra.

█ Second: We find that a careful reading of the transcript establishes that there was ample evidence to support the district court's factual determination and finding that appellant was not intoxicated when he confessed, and was not coerced into the confession.

█ Third: We agree with the district court judge's statement and finding that appellant's counsel waived his client's right to have testimony taken outside of the presence of the jury, before the court finally ruled on the admissibility of the confession or statement in evidence.

The last point requires a close consideration of what took place at the time. Counsel for appellant refers to the "better practice" outlined in State v. Bouse, 199 Or. 676, 700–701, 264 P.2d 800 (1953), suggesting that the trial judge hear all the evidence on the subject before ruling on the confession's admissibility. (R.T. p. 102.) The trial judge inferentially, at least, agreed that this practice should

be followed.[2] The trial judge actually invited defense counsel to make an objection and/or ask for a hearing outside the jury's presence. (R.T. p. 33.) We quote from the trial transcript:

"THE COURT: I thought there was another objection to this.

"MR. STEARNS [for appellant]: There was, your Honor, which we have discussed privately in chambers.

"THE COURT: Well, I know, but unless that is brought out I have no record of it, you see.

"MR. STEARNS: We certainly object, your Honor, to the introduction of this statement in its present condition. There are certain corrections and deletion." (sic)

Corrections were then made to meet this objection, apparently to the satisfaction of all parties and the court. The record continues:

"THE COURT: Is that the objection?" (meaning the deletions)

Mr. Ramirez then made a further objection as to the time element, and "an implied threat" in "one portion of that statement." The trial court read the statement, and again asked:

"THE COURT: Is that the only point?"

Mr. Ramirez again discussed the time element—"one hour or an hour and a half that is missing." After further discussion, the confession, Exhibit T, was admitted in evidence.

Thereafter the following occurred:

"THE COURT: The Court is going to set aside its order admitting Exhibit T in evidence, and the Court is doing this so that there will be no question as to the defense of offering testimony if they so desire relative to the voluntariness of the statement.

"MR. STEARNS: Thank you.

---

2. "MR. STEARNS: I think I have made my position clear.
"THE COURT: Yes. The Court isn't going to bar you from the ordinary questions and answers. It is after the offer is made, after that offer is made that the

question arises and probably should be taken care of in the absence of the jury.
"Mr. BEDDOE: That is the way we have always done it in the past." (R.T. pp. 102, et seq.)

"THE COURT: Do you have any testimony to offer relative to the admission of Exhibit T?

"MR. STEARNS: Well, if your Honor please, now that puts us in something of an embarrassing situation. We hadn't anticipated this at the moment, and I don't believe we are prepared, are we?

"THE COURT: Well, in the statement itself it states the defendant has not taken the stand. That is in your statement. And the defendant, or any other witnesses you have now against the admission of this Exhibit T, this is the time here.

"Mr. STEARNS: What I had requested the Court to do was withhold admitting this until after the defendant had taken the stand." (Appellant's Brief, pp. 38–39; R.T. p. 225.)

■ Appellant now urges that to offer a defendant "an opportunity to rebut out of the presence of the jury is meaningless." [3] Appellant should realize that if he wanted such a hearing, it was incumbent upon him to call for such a hearing to be held outside the presence of the jury, when the statement was offered. The quoted testimony demonstrates that by failing to raise the point it was waived. Under such circumstances we cannot conclude that appellant has been deprived of any rights which would amount to a denial of due process of law.

Appellant suggests that Oregon law required a hearing out of the presence of the jury as to the voluntary character of the statement. In State v. Bouse, supra, however, it was said that conducting a hearing in the presence of the jury is not reversible error.[4]

■■ In any event, our function is not to test appellant's trial by Oregon law, but by federal constitutional standards. 28 U.S.C. § 2241(c) (3). We do not conclude that the presence of the jury, without objection, during the inquiry by the trial judge into the voluntary nature of Lugo's statement offended due process standards.

After a thorough consideration of the evidence, we are satisfied that the district court was correct in finding (a) that appellant's counsel had waived any objection to the presence of the jury by failing to object, and (b) that Lugo's statement was voluntary. On the whole case we are convinced that Lugo received a fair trial consistent with due process of law.

The denial of the petition for habeas corpus is affirmed.

3. We assume appellant means "ineffective" or "useless." But appellant's approach would be even more so. He suggests that the government complete its case and await the defendant's decision as to whether or not he will testify on his own behalf before the trial court should rule on the admissibility of the statement. Such a proposition better deserves the adjective "meaningless" than the trial judge's offer. How, for example, could the trial court rule on a motion to dismiss at the end of the prosecution's case when the court cannot know of a challenge to the statement until the defense is offered?

4. In the state trial in 1960, able and experienced counsel for defendant frankly admitted, in making his objection, that there was in Oregon no hard and fast rule that "no questions should be asked about a confession or an admission, in the presence of the jury. (R.T. p. 103.) The lack of the jury's presence was described by him simply as "a better practice." "I am not saying the court is bound to do it, but [that it is] the better practice." (R. T. p. 104.)

In so portraying the law of Oregon as it existed on that date, counsel for appellant was accurately stating, and, indeed, paraphrasing, the law in State v. Bouse, 199 Or. 676, 264 P.2d 800 (1953), where the court stated:

"Although we have held that it is not necessarily reversible error for this preliminary investigation to be held in the presence of the jury, State v. Spanos, 66 Or. 118, 134 P. 6, yet, for obvious reasons, the better practice is that it be conducted in the absence of the jury." (264 P.2d at 811.)