Charles J. CARTER, Petitioner,

v.

Frank A. EYMAN, Warden, Arizona State
Prison, Respondent.

No. Civ–6272 Phx.

United States District Court
D. Arizona.

March 19, 1968.

Donald Jason, Phoenix, Ariz., for petitioner.

Darrel F. Smith, Atty. Gen. of Arizona, and Norval Jesperson, Asst. Atty. Gen., Phoenix, Ariz., for respondent.

OPINION and ORDER

CRAIG, District Judge.

In the above entitled cause petitioner seeks review of the proceedings in the Arizona state courts on the evidentiary hearing ordered by this Court on March 9, 1967. Carter v. Eyman, 265 F.Supp. 957 (D.C.Ariz., 1967).

The early chronology of this case is very lengthy. A complete discussion is contained in State of Arizona v. Carter, 1 Ariz.App. 57, 399 P.2d 191 (1965). For purposes here it is sufficient to say that petitioner was convicted in January 1964 in the Superior Court of Arizona in and for the County of Maricopa after a trial before a jury on two counts of burglary, first degree; two counts of burglary, second degree; and four counts of grand theft. After exhausting his state remedies, petitioner applied to this Court for habeas corpus which was granted on March 9, 1967. This Court requested, pursuant to Jackson v. Denno, 378 U.S.

368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964), the state of Arizona to hold "an evidentiary hearing in order to determine whether or not the confessions and admissions admitted in evidence at the trial of petitioner Carter were in fact voluntary." Carter v. Eyman, supra, 265 F.Supp. at 959.

On May 24, 1967 the Supreme Court of Arizona directed the Court of Appeals, Division One, to re-examine its prior decision in this case "and take such action to determine whether the confession and admissions admitted in the evidence at the trial of Carter were in fact voluntary." On May 26, 1967 the Court of Appeals requested the advice of counsel for both sides as to the procedural steps to be taken. On June 9, 1967 the Court of Appeals remanded the case to the Superior Court in and for Maricopa County to hold the evidentiary hearing requested by this Court. On August 25 and 28, 1967, Judge Jack D. H. Hays, presiding in Division 10 of the Superior Court, conducted extensive hearings on the question of voluntariness. At the close of the hearings Judge Hays ruled that the confession and admissions had been voluntarily given and had been admitted properly into evidence at the trial. The Court of Appeals reviewed these proceedings at a hearing on October 4, 1967; that Court approved and affirmed the findings and order of Judge Hays. Arizona v. Carter, No. 1 CA-CR 5 (decided October 9, 1967). The Supreme Court of Arizona examined the record in this cause and returned it to the Court of Appeals on November 8, 1967. This Court held a hearing in this case on March 13, 1968. Petitioner was present at the hearing with his court-appointed counsel.

Petitioner asks this Court to review the state proceedings asserting that the State of Arizona applied an incorrect standard of voluntariness to the confession and admissions in this case; he claims that his rights under the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution have been violated by the acceptance into evidence at his January 1964 trial of his 1961 statements. He further requests an order from this Court directing the State of Arizona to grant him a new trial or to release him from custody.

Petitioner bases this request on Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (June 22, 1964), and Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (June 13, 1966). He maintains that his interrogation by law enforcement authorities violates the safeguards provided for in these decisions. *Escobedo* held that when an interrogation has moved from the investigatory to the accusatory stage the defendant must be given an opportunity to consult with counsel. *Miranda* extended this rule to say that once "custodial interrogation" has begun the defendant must be told (a) that he has an absolute right to remain silent, (b) that anything he says may be used against him, and (c) that he has a right to either retained or appointed counsel. See, Joseph v. Klinger, 378 F.2d 308 (9th Cir., 1967).

■■ Neither *Escobedo* nor *Miranda* is effective retroactively. Johnson v. State of New Jersey, 384 U.S. 719, 86 S. Ct. 1772, 16 L.Ed.2d 882 (1966). See, Lugo v. Gladden, 382 F.2d 957 (9th Cir., 1967). The original trial in this cause was held six months before the *Escobedo* decision and two years and six months before the *Miranda* decision. It was not error for the Superior Court not to anticipate these decisions and not to apply the rules contained therein at the trial.

Petitioner urges on this Court the argument rejected by Judge Hays that the voluntariness standard to be applied at a post-*Miranda* evidentiary hearing, when the trial was held in early 1964, must be guided by the *Escobedo* and *Miranda* safeguards. To support this contention he cites United States ex rel. Pierce v. Pinto, 259 F.Supp. 729 (D.C.N.J., 1966), affirmed 374 F.2d 472 (3rd Cir. 1967). In that case there is *obiter dicta* to the effect that persons whose trials were completed prior to *Escobedo* and *Miranda* may have the benefit of those decisions at

any voluntariness hearing held at a later date. 259 F.Supp. at 731. Although there are no other cases precisely on this question, this Court must disagree with the language in *Pinto* after an examination of the related habeas corpus cases which discuss the retroactive application of *Escobedo* and *Miranda*. See, Outing v. State of North Carolina, 383 F.2d 892 (4th Cir., 1967); Lugo v. Gladden, supra; Strowder v. Shovlin, 380 F.2d 370 (3rd Cir., 1967); Hintz v. Beto, 379 F.2d 937 (5th Cir., 1967); Wilson v. Anderson, 379 F.2d 330 (9th Cir. 1967); Joseph v. Klinger, supra; Turman v. Beto, 271 F.Supp. 808 (N.D.Tex., 1967); Progue v. Middlebrook, 271 F.Supp. 176 (W.D.La., 1967); and United States ex rel. Stamm v. Rundle, 270 F.Supp. 819 (E.D.Pa., 1967).

The purpose of the voluntariness hearing ordered by this Court was to determine whether there was error at Carter's jury trial in admitting self-incriminatory statements not voluntarily given and thus inadmissable. To apply any but the pre-*Escobedo* and pre-*Miranda* tests at a 1967 voluntariness hearing would be to make these two decisions retroactive, contrary to the express ruling of the United States Supreme Court. Johnson v. State of New Jersey, supra. Were the proceedings before the state court a re-trial, rather than a voluntariness hearing, *Escobedo* and *Miranda* would be applicable. Government of the Virgin Islands v. Lovell, 378 F.2d 799 (3rd Cir., 1967).

In *Johnson* the Supreme Court in discussing *Miranda* said:

"Future defendants will benefit fully from our new standards governing in-custody interrogation, while past defendants may still avail themselves of the voluntariness test." 384 U.S. at 732, 86 S.Ct. at 1780.

The Supreme Court considered the effect of *Miranda* on previously convicted defendants and determined not to afford them all of the protections of *Miranda*, but to restrict them to the anti-coercion safeguards that had been evolving for many years prior to *Miranda*. Davis v. State of North Carolina, 384 U.S. 737, 86 S.Ct. 1761, 16 L.Ed.2d 895 (1966).

The substantive test of voluntariness in existence in January 1964 included many factors which were to be taken into consideration in determining admissability. These were not the mandatory standards of *Escobedo* and *Miranda*; the totality of the circumstances was to be examined to determine if the confession or admission was voluntarily made. Recent cases discussing this substantive test have said:

"* * * past decisions treated the failure to warn accused persons of their rights, or the failure to grant them access to outside assistance, as factors tending to prove the involuntariness of the resulting confession." Johnson v. State of New Jersey, supra, 384 U.S. at 731, 86 S.Ct. at 1780.

"* * * (the fact) that a defendant was not advised of his right to remain silent or of his right respecting counsel at the outset of interrogation, as is now required by *Miranda*, is a significant factor in considering the voluntariness of the statements later made." Davis v. State of North Carolina, supra, 384 U.S. 740, 86 S.Ct. 1764.

See, Haynes v. State of Washington, 373 U.S. 503, 83 S.Ct. 1336, 10 L.Ed.2d 513 (1963); Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963); and Bram v. United States, 168 U.S. 532, 18 S.Ct. 183, 42 L.Ed. 568 (1897). In addition to these factors the trial court was to look at the facts surrounding the taking of the statements to determine whether the confession was extorted by subjecting the defendant to either mental or physical coercion or threats of violence. Spano v. People of State of New York, 360 U.S. 315, 79 S.Ct. 1202, 3 L.Ed.2d 1265 (1959). See, Blackburn v. State of Alabama, 361 U.S. 199, 80 S.Ct. 274, 4 L.Ed.2d 242 (1960); Chambers v. State of Florida, 309 U.S. 227, 60 S.Ct. 472, 84 L.Ed. 716 (1940); McGarrity v. Wilson, 368 F.2d 677 (9th Cir., 1966); and Gladden v. Holland, 366

F.2d 580 (9th Cir., 1966). These are the rules that regulated the admissability of the statements given by Carter; these are the rules that were before the state court for its consideration at the voluntariness hearing.

An examination of the transcript of the voluntariness hearing held in this cause convinces this Court that there is adequate evidence in the record to sustain the finding of the state court that the confession and admissions met the 1964 standards for admissability. There is testimony in the record from law enforcement officials to show that Carter was told of his right to counsel, his right to remain silent, that anything he said could be used against him, and that no coercion was used. All of these statements are contradicted by Carter's testimony. However, it is apparent that after observing the witnesses and listening to the testimony, the state court chose not to believe the petitioner.

For the foregoing reasons it is the conclusion of this Court that the petitioner has been given a complete voluntariness hearing by the State of Arizona as required by Jackson v. Denno, supra, and that the March 9, 1967 order of this Court has been fully executed.

It is ordered that the petition for habeas corpus is denied.