[Crim. No. 3133. Second Appellate District, Division One.—September 8, 1938.]

THE PEOPLE, Respondent, v. JOE BERNER, Appellant.

Clifford Thoms and Robert P. Dockeray for Appellant.

U. S. Webb, Attorney-General, and John O. Palstine, Deputy Attorney-General, for Respondent.

DORAN, J.—Defendant, who was charged in an information with the violation of section 506 of the Vehicle Code, a felony, was adjudged guilty thereof by the court and sentenced to imprisonment in the state prison. The appeal herein is from the judgment, and from the order denying defendant's motion for a new trial.

Section 506 of the Vehicle Code reads as follows:

"*Driving When Addicted to or Under Influence of Narcotic Drugs.* It is unlawful for any person who is addicted to the use, or under the influence, of narcotic drugs to drive a vehicle upon any highway. Any person convicted under this section shall be guilty of a felony and upon conviction thereof shall be punished by imprisonment in the State prison for not less than one year nor more than five years or in the county jail for not less than ninety days nor more than one year or by a fine of not less than two hundred dollars nor more than five thousand dollars or by both such fine and imprisonment."

The evidence reveals that on March 17, 1938, defendant, while driving an automobile on a public highway in the city of Los Angeles, was arrested by a police officer who knew him. Some 9½ grains of morphine and a hypodermic device were found in defendant's possession.

The city jail physician, who is also examining physician for the city and state narcotic department, testified, in substance, that he examined defendant at the central jail in Los Angeles on March 17th, and found that defendant was under the influence of and addicted to the use of a habit-forming drug, but that defendant's appearance showed he had his faculties, and he was able to respond normally to all the questions; that it was his impression that if defendant were conducting a business or occupation he would be able to handle it; that the examination further revealed that defendant was afflicted with very severe bronchial asthma. He also stated that defendant appeared to be capable of driving an automobile, and further testified that defendant told him that " . . . for the past four years (a doctor) has been prescribing for him the amount of 42 grains of morphine

sulphate per week, giving him 6 grains of morphine per day, . . . that he used adrenalin to effect relief, which would give him very temporary relief and would make him considerably nervous, but since the use of the opiate drug that he gained control of his asthmatic attacks fairly well and is able to be employed and continue in a gainful occupation''.

Defendant's physician testified that in the event said defendant was deprived of the opiate for forty-eight hours his condition would be very serious.

■ Appellant urges as grounds for reversal that the evidence is insufficient to support the judgment in that it does not show the defendant to have been either addicted to the use of, or under the influence of, narcotic drugs within the meaning of section 506 of the Vehicle Code. It is argued in that connection that inasmuch as neither the phrase ''addicted to the use'', nor the phrase ''under the influence'', is defined, that such section is intended to apply only when such addiction or influence renders the individual thus afflicted incapable of operating a motor vehicle. It is pointed out, by analogy, that the phrase ''under the influence of intoxicating liquor'' has been defined by the courts in connection with the interpretation of the Vehicle Code (*People* v. *Dingle,* 56 Cal. App. 445 [205 Pac. 705]), and that the same test should apply to the provision of the Vehicle Code herein under consideration. It is urged that if such test were applied, the defendant could not be held to have violated the above section.

The argument is plausible but not logical. That defendant was addicted to the use of narcotic drugs within the meaning of section 506 of the Vehicle Code there can be no question. Whether he was at the moment of his arrest under the ''influence'' of such drug is therefore unimportant. There is slight, if any, resemblance between the use of narcotic drugs and the use of intoxicating liquors, and the likely or possible effect thereof upon the individual. It was within the province of the legislature to permit the operation of a motor vehicle by one who uses alcoholic beverages, but at the same time to declare it to be an offense to operate a motor vehicle when under the ''influence'' of such beverage. It was likewise within the province of the legislature to declare it to be an offense ''for any person who is addicted to the use . . . of narcotic drugs to drive a vehicle upon any highway''.

Appellant's further contention that section 506 of the Vehicle Code is unconstitutional for the reason that it is an unlawful exercise of police power, and deprives appellant of the equal protection of the law, is without merit.

It is also urged that the degree of the offense should be reduced from that of a felony to a misdemeanor. Such question was addressed to the judgment and discretion of the trial court in the first instance, and the conclusion reached by the trial court is supported by the evidence. A mere difference of opinion, if any existed, will not as a matter of law justify the modification of a judgment under such circumstances.

For the foregoing reasons the judgment and the order denying the motion for a new trial are, and each of them is, affirmed.

York, P. J., and White, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on October 7, 1938. Houser, J., voted for a hearing.