[Crim. No. 7160.   Second Dist., Div. Three.   Feb. 20, 1961.]

THE PEOPLE, Respondent, v. WILLIAM EDWARD KIMBLEY, Appellant.

Harrison W. Hertzberg and Philip Deitch for Appellant.

Stanley Mosk, Attorney General, and Elizabeth Miller, Deputy Attorney General, for Respondent.

VALLÉE, J.—By information defendant was accused of having driven a vehicle upon a public highway while addicted to the use of narcotic drugs in violation of section 23105 of the

Vehicle Code and of a prior felony conviction of possession of narcotics. He admitted the prior. The court, sitting without a jury, found him guilty as charged and sentenced him to imprisonment. He appeals from the judgment.

About September 14, 1959, Deputy Sheriff Kalas, long experienced with narcotic addicts, arrested defendant as an addict. There were puncture wounds on defendant's arms. The officer was of the opinion the wounds were caused by the illegal injection of narcotics. Defendant was released. The officer saw defendant about seven times in the three weeks preceding October 11, 1959. On two of those occasions defendant was with persons known to the officer to be narcotic users.

On October 11, 1959, Officer Kalas saw defendant standing alone in front of a market. He saw William Bradley directly across the street from defendant. He had previously arrested Bradley, who was known to him as a narcotic user. In about 15 minutes Bradley crossed the street and joined defendant. A few minutes later a Mercury drove up to where defendant and Bradley were standing. In the car the officer saw Greg De-Forest and Robert Driskoll. He had previously arrested DeForest and Driskoll and they were known to him as narcotic users. The four men entered defendant's car in front of the market and drove away. Defendant drove the car. After he had gone 200 to 250 yards, Officer Kalas' partner stopped him. Kalas then arrested defendant for "suspicion of narcotics." After the arrest defendant got out of the car. Officer Kalas testified: "I observed a two and a half inch track on the defendant's lower right arm. I observed in this track three puncture wounds which, in my opinion, were no older than 24 hours old, and also approximately 11 marks or puncture wounds which appeared to have been made within a week." He was of the opinion the marks were caused by the illegal injection of a narcotic.

Later that day Officer Kalas had a conversation with defendant. Kalas asked defendant "when he had taken his last fix." Defendant replied he "had fixed the night before." A "fix" is the illegal injection of a narcotic. Kalas asked defendant "if he thought he was going to become sick." Defendant said yes, he hoped he could get out on a writ because he was using approximately 2 grams a day and knew he was going to become very ill.

Vehicle Code, section 23105, in pertinent part reads: "It is unlawful for any person who is addicted to the use, or under

the influence, of narcotic drugs or amphetamine or any derivative thereof to drive a vehicle upon any highway.''

Defendant asserts the standard fixed by the statute, "any person who is addicted to the use" of narcotic drugs is no standard and it violates due process. He says it cannot be determined whether the word "addicted" refers to habitually taking or otherwise using narcotics to the extent of having lost the power of self-control or whether it refers to merely using narcotics without reference to whether the power of self-control is lost.

■ '' 'To comply with the constitutional requirement of due process of law, the crime for which a defendant is being prosecuted must be clearly defined, but it is only necessary that the words used in the statute be well enough known to enable those persons within its reach to understand and correctly apply them. ■ ''To make a statute sufficiently certain to comply with constitutional requirements it is not necessary that it furnish detailed plans and specifications of the acts or conduct prohibited.'' [Citation.] ■ Although higher standards of certainty will be required of penal than of civil statutes [citation], a statute is sufficiently certain if it employs words of long usage or with a common law meaning, ''notwithstanding an element of degree in the definition as to which estimates might differ.'' [Citations.] For example, the courts have upheld statutes employing such terms as : ''to make diligent effort to find the owner'' [citation] ; ''unreasonable speed'' [citation] ; ''unjustifiable physical pain or mental suffering'' [citation] ; ''practice law'' [citation] ; and ''to the annoyance of any other person'' [citation].' [Citation.]

■ 'Where a statute contains a reasonably adequate disclosure of the legislative intent regarding an evil to be combatted in language giving fair notice of the practices to be avoided, a court will be slow to say that such a statute is too indefinite to be enforced. ■ The complexities of the social problems dealt with by the Legislature require that a practical construction be given to the language employed by the draftsmen of legislation lest their purposes be too easily nullified by overrefined inquiries into the meanings of words. ■ ''Reasonable certainty, in view of the conditions, is all that is required, and liberal effect is always to be given to the legislative intent when possible.'' [Citation.] The use of words of general meaning is the essence of our code system.' [Citation.]

■ That is certain which can be made certain by simple reference to the dictionary. [Citation.]'' (*Sultan Turkish*

*Bath* v. *Board of Police Comrs.*, 169 Cal.App.2d 188, 199 [337 P.2d 203].)[1]

Webster defines ''addicted'' as ''given up or over (to); devoted (to).'' He gives as synonyms ''Accustomed, habituated, inclined, prone, attached.'' He says ''addicted'' ''refers to one who is given up or strongly disposed to some taste, practice, or pursuit.''

*People* v. *Thompson*, 144 Cal.App.2d Supp. 854 [301 P.2d 313], quotes with approval from *Matter of Palmer* v. *Spaulding*, 299 N.Y. 368, 370 [87 N.E.2d 301, 302] (p. 857):

'' ' ''Addicted'' is not a word of art. It is not a technical word at all. According to the lexicographers, it means strongly disposed to some taste or practice or habituated, especially to drugs. But resort to dictionaries in situations like that now before us has for some reason been judicially deprecated at times and so we go on to the case law where occasions for defining the word ''addicted'' have often occurred in the course of controversies respecting applications for insurance. Thus in *Aetna Life Ins. Co.* v. *Davey* (123 U.S. 739, 742 [8 S.Ct. 331, 31 L.Ed. 315]) the court said: ''The inquiry as to whether the insured had ever been addicted to the excessive or intemperate use of alcoholic stimulants, and, whether, at the time of the application, he used alcoholic stimulants 'often or daily' was, in effect, an inquiry as to his habit in that regard; not whether he used such stimulants or opium at all, but whether he used any of them habitually. If he was addicted to the excessive use of them, he was habitually intemperate; and to use them often or daily is, according to the ordinary acceptation of those words, to use them habitually.'' Law writers

---

[1]See *Brecheen* v. *Riley*, 187 Cal. 121 [200 P. 1042], in which the standard ''guilty of any act 'which constitutes dishonest dealing' '' was held adequate; *Dominguez Land Corp.* v. *Daugherty*, 196 Cal. 468, 483-487 [238 P. 703], Commissioner of Corporations determining whether directors of a corporation shall be permitted to pay dividends from other than surplus profits; *Agricultural Prorate Com.* v. *Superior Court*, 5 Cal. 2d 550 [55 P.2d 495], committee to determine the method, manner, and extent of prorating agricultural products; *Keck* v. *Superior Court*, 109 Cal.App. 251 [293 P. 128], suspend or revoke a driver's license if specified officers find an operator is a reckless, negligent, or incompetent driver; *Redevelopment Agency* v. *Hayes*, 122 Cal.App.2d 777, 806 [266 P.2d 105], agency given power to determine whether an area is blighted; *Drucker* v. *State Board of Medical Examiners*, 143 Cal.App.2d 702 [300 P.2d 197], words ''furnish,'' ''employ,'' and ''maintain'' have certain and definite meanings in section 2556 of Business and Professions Code; *Kershaw* v. *Department Alcoholic Beverage Control*, 155 Cal.App.2d 544, 549 [318 P.2d 494], ''sex pervert.'' Also see *People* v. *Daniel*, 168 Cal. App.2d Supp. 788 [337 P.2d 247], in which a number of illustrations of language held to establish a sufficient standard are given.

ascribe to "addicted" the same significance. Mr. Appleman says: "After all, a man is either temperate or intemperate, and in common parlance, a man is not intemperate unless he frequently drinks to excess. Even more elastic is the word 'addicted.' This, also in layman's language, means a slave to." ' "[2]

In *People* v. *Berner,* 28 Cal.App.2d 392 [82 P.2d 617], the defendant was arrested by a police officer who knew him. Morphine and a hypodermic device were found in his possession. The defendant was and had been using the drug for four years on a physician's prescription. The court stated (p. 394) :

"Appellant urges as grounds for reversal that the evidence is insufficient to support the judgment in that it does not show the defendant to have been either addicted to the use of, or under the influence of, narcotic drugs within the meaning of section 506 [now § 23105] of the Vehicle Code. It is argued in that connection that inasmuch as neither the phrase 'addicted to the use,' nor the phrase 'under the influence,' is defined, that such section is intended to apply only when such addiction or influence renders the individual thus afflicted incapable of operating a motor vehicle. It is pointed out, by analogy, that the phrase 'under the influence of intoxicating liquor' has been defined by the courts in connection with the interpretation of the Vehicle Code (*People* v. *Dingle,* 56 Cal. App. 445 [205 P. 705]), and that the same test should apply to the provision of the Vehicle Code herein under consideration. It is urged that if such tests were applied, the defendant could not be held to have violated the above section.

"The argument is plausible but not logical. That defendant was addicted to the use of narcotic drugs within the meaning of section 506 of the Vehicle Code there can be no question. Whether he was at the moment of his arrest under the 'influence' of such drug is therefore unimportant. There is slight, if any, resemblance between the use of narcotic drugs and the use of intoxicating liquors, and the likely or possible effect thereof upon the individual. It was within the province of the legislature to permit the operation of a motor vehicle by one who uses alcoholic beverages, but at the same time to declare it to be an offense to operate a motor vehicle when under the 'influence' of such beverage. It was likewise within the province of the legislature to declare it to be an offense 'for any

---

[2]Resort to dictionaries in situations like that before us has not been judicially deprecated by the courts of this state, i.e., see *Cozad* v. *Board of Chiropractic Examiners,* 153 Cal.App.2d 249, 258 [314 P.2d 500].

person who is addicted to the use . . . of narcotic drugs to drive a vehicle upon any highway.' "

We are not impressed by the argument of defendant that because the Welfare and Institutions Code, in treating of the apprehension and commitment of incompetents in section 5350, defines a "narcotic drug addict" as "any person who habitually takes or otherwise uses to the extent of having lost the power of self-control any opium, morphine, cocaine, or other narcotic drug as defined in Article 1 of Chapter 1 of Division 10 of the Health and Safety Code," the words "addicted to the use" in section 23105 of the Vehicle Code should be construed as any person who uses narcotics "to the extent of having lost the power of self-control." We think the ordinary, dictionary definition of the word "addicted" is clear and that it should not be distorted by a definition of a "narcotic drug addict" used by the Legislature for an entirely different purpose.

Words and phrases are construed according to the context and the approved usage of the language. (Civ. Code, § 13.) ■■■ "Excepting when clearly otherwise intended or indicated, words in a statute should be given their ordinary meaning and receive a sensible construction in accord with the commonly understood meaning thereof." (*County of Los Angeles* v. *Frisbie*, 19 Cal.2d 634, 642 [122 P.2d 526].) ■■■ The word "addicted" is used in its ordinary sense in section 23105 rather than in any technical sense as it is used in determining the criteria for commitment of narcotic users or for other purposes.

Section 23105 is found under the title, "Rules of Road—Public Offenses." The obvious purpose of the statute is to assure the safety of persons using the public highways. "The legislative power to regulate travel over the highways and thoroughfares of the state for the general welfare is extensive. It may be exercised in any reasonable manner to conserve the safety of travelers and pedestrians. Since motor vehicles are instruments of potential danger, their registration and the licensing of their operators have been required almost from their first appearance. The right to operate them in public places is not a natural and unrestrained right, but a privilege subject to reasonable regulation, under the police power, in the interest of the public safety and welfare." (*Watson* v. *Division of Motor Vehicles*, 212 Cal. 279, 283 [298 P. 481].)

■■■ We conclude that when the Legislature made it unlawful for any person "addicted to the use" of narcotic

drugs to drive a vehicle upon any highway, it had in mind the pernicious consequences which follow the abuse of narcotic drugs, and that the phrase "addicted to the use" was employed in that sense. We hold the word "addicted" as used in the phrase "addicted to the use" means accustomed or habituated to the use.

The contention that section 23105 is unconstitutional in that it is in violation of the equal protection clauses of the United States and California Constitutions is entirely without merit. (*People* v. *Berner, supra,* 28 Cal.App.2d 392, 395; *Beamon* v. *Department of Motor Vehicles,* 180 Cal.App.2d 200, 208-209 [4 Cal.Rptr. 396].)

It is contended the evidence is insufficient to sustain the finding of guilt. The point is based on the assumption that "addicted to the use" in section 23105 relates to a person who has lost his power of self-control. Defendant says there was no evidence that he lost the power of self-control. Since we have held that "addicted to the use" in section 23105 does not necessarily mean that a person has lost the power of self-control, the point is without merit. There was ample evidence that defendant was addicted to the use of narcotic drugs. Three weeks prior to the arrest there were puncture wounds on his arms. He associated with known narcotic users. On the day of his arrest there were three puncture wounds which were no older than 24 hours, and 11 others that were made within a week, on defendant's lower right arm. All wounds were caused by the injection of narcotics.

We find no error in the record.

Affirmed.

Shinn, P. J., and Ford, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied April 19, 1961.