George JOSEPH, Appellant,

v.

John H. KLINGER et al., Appellees.

No. 21339.

United States Court of Appeals
Ninth Circuit.

May 12, 1967.

Hope H. Camp, Jr., Gilbert, Nissen & Irvin, Beverly Hills, Cal., for appellant.

Thomas C. Lynch, Atty. Gen., William E. James, Asst. Atty. Gen., David Gould, Deputy Atty. Gen., Los Angeles, Cal., for appellees.

Before CHAMBERS and BARNES, Circuit Judges, and HALBERT,* District Judge.

BARNES, Circuit Judge:

This is an appeal in forma pauperis from an order of the United States District Court for the Central District of California, denying appellant's petition for a writ of habeas corpus. (28 U.S.C. § 2241.) Appellant is a state prisoner, having been convicted by a jury in the California Superior Court of violating § 23105 of the California Vehicle Code. The required certificate of probable cause was issued, and we have jurisdiction on appeal. (28 U.S.C. § 2253.)

California Vehicle Code § 23105 provides it is unlawful "for any person who is addicted to the use, or under the influence, of narcotic drugs * * * to drive a vehicle upon any highway * *."

Petitioner alleges he was charged with "driving under the influence of narcotics" (C.T. p. 2), pleaded not guilty, failed to take the stand, and was found guilty.

The brief filed in his behalf herein alleges that the information filed by the People in the state court accused petitioner of driving a vehicle upon the highway "while being addicted to the use of narcotic drugs, *and* being under the influence of narcotic drugs," citing Trial Transcript, p. 7, lines 1–10 (emphasis added).

We here note the fact that appellant was sentenced in the state court on February 28, 1964, as this date is of importance.

Five errors are urged. They are:

Appellant was denied a fair trial because (A) he was denied counsel prior to arraignment, and statements given during custodial interrogation were used against him; (B) comment by prosecutor, and instruction by the court to the jury, on appellant's failure to take the stand; (C) inadequacy of counsel generally (and particularly that petitioner received no advice respecting his right to appeal); (D) inadequate instruction on what constitutes addiction to narcotic drugs; and (E) the conviction of defendant for driving an automobile while being addicted to narcotics is cruel and unusual punishment.

A.

■ The right of a defendant as announced in Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964), to obtain legal advice from an attorney, once the investigation into a crime becomes so focused on that particular defendant as to become accusatory, applies only to trials beginning after June 22, 1964. Johnson v. State of New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882 (1966). Appellant was sentenced almost four months before said date.

Also raised in point A is the right granted accused defendants in custody by Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), and companion cases: (a) to be warned he may remain silent; (b) to be advised that any statement he may make may be used as evidence against him; and (c) to be advised that he has the right to the presence of an attorney, either retained or appointed. If such three procedural safeguards are not extended to him, the prosecution may not later use statements stemming from any such custodial interrogation against defendant. Again, the

---

* Sherrill Halbert, United States District Judge, Eastern District of California, sitting by designation.

Court in Johnson v. State of New Jersey, supra, held that such rights were not retroactive to cases tried before June 13, 1966, the date of the *Miranda* decision.

■ Thus neither *Escobedo* or *Miranda* advantages are available to appellant herein. Appellant was represented by counsel at the time of arraignment, plea, trial and sentence. (Petition for Writ of Habeas Corpus, p. 5.)

    B. Comment by prosecution counsel and instruction by the judge on defendant's failure to take the stand.

■ The unlawfulness of such comment, as established by the Supreme Court in Griffin v. State of California, 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965), was held not to have retrospective application in Tehan v. United States ex rel. Shott, 382 U.S. 406, 86 S. Ct. 459, 15 L.Ed.2d 453 (1966), following Linkletter v. Walker, 381 U.S. 618, 85 S.Ct. 1731, 14 L.Ed.2d 601 (1964). *Griffin* was decided April 28, 1965, some sixteen months after appellant's trial.

C. Inadequate representation by counsel.

While a general charge of inadequate representation was originally made by appellant, he concedes the public defender did cross-examine witnesses called against defendant, and did call two witnesses on behalf of appellant's defense. Appellant next states he intends "no direct criticism" against his attorney; he asks us to believe public defenders in the State of California "have such a heavy case load it is difficult to spend very much time in the preparation of their cases." We have reason to be of the opinion that the defense afforded by the average public defender in the California Superior Courts is very good. We shall not here weigh the relative merits of public defenders and private practitioners as institutions. Our concern is only with the adequacy of counsel's representation in the case before us. Certainly an examination of the trial transcript from the state court reveals a careful, vigorous and effective representation by appellant's trial counsel.

Appellant finally bases his claim on inadequate representation upon the allegation that he was not told he must file his notice of appeal within ten days of judgment. He refers to California Rule of Court 31(a). The first paragraph of that section does refer to a ten day limit, but appellant omits all mention of the second paragraph of Rule 31(a), which reads as follows:

"Whenever a notice of appeal is received by the clerk of the superior court after the expiration of the period prescribed for filing such notice, the clerk shall mark it 'Received (date) but not filed' and advise the party seeking to file the notice that it was received but not filed because the period for filing notice of appeal had elapsed and that he may petition the reviewing court for relief by verified statement or declaration under penalty of perjury, setting forth the date of the order or judgment from which the party seeks to appeal, the steps which the party took to file his notice of appeal on time, and any other information which has, or which the party believes has, a bearing upon the circumstances which caused the notice of appeal to arrive late."

■ Thus the State of California, at least since 1961, has provided for the consideration of appeals not timely filed. Such late appeals are considered and construed by the California courts in a liberal manner. People v. Burroughs, 200 Cal.App.2d 629, 634, 19 Cal.Rptr. 344 (1962); People v. Jones, 177 Cal.App.2d 420, 422, 2 Cal.Rptr. 305, (1960); People v. Piccionelli, 175 Cal.App.2d 391, 346 P.2d 542 (1959). See, as to the duty of a public defender, People v. Riser, 47 Cal. 2d 594, 305 P.2d 18 (1956). There is no evidence in the record before us that the representation by appellant's counsel below could have been inadequate for failure to advise of the time limit for filing appeals since no loss of rights appears

to have been occasioned by such a failure.[1]

▮ In any event, and whether appellant has exhausted his state remedies or not, we cannot say the representation of appellant at the trial could in any way or degree be considered a "farce or sham." People v. Ibarra, 60 Cal.2d 460, 464, 34 Cal.Rptr. 863, 386 P.2d 487, 490 (1963). Cf. also People v. Hatten, 64 Cal. 2d 224, 228, 49 Cal.Rptr. 373, 411 P.2d 101, 104 (1966).

### D. Inadequate instructions.

Appellant alleges, among other things, that one of the instructions given by the trial court was improper. He contends that it was erroneous under People v. O'Neil, 62 Cal.2d 748, 44 Cal.Rptr. 320, 401 P.2d 928 (1965).

Appellant urges that the court instructed the jury: "If a person is accustomed or habituated to using a narcotic drug, he is addicted to its use." This is a definition approved in People v Kimbley, 189 Cal.App.2d 300, 11 Cal.Rptr. 519 (1961). When the Supreme Court of the State of California changed the approved definition in People v. O'Neil, supra, 62 Cal.2d at p. 756, 44 Cal.Rptr. 320, 401 P.2d 928, the appellant could have raised the question of the retrospective application of the new definition by a delayed direct appeal (Rule 31(a), California Rules of Court), or by a petition for a writ of habeas corpus in the state courts.

▮ People v. O'Neil, supra, was decided May 21, 1965, some fifteen months after appellant's state court conviction. At the time of appellant's conviction, the trial judge instructed in accordance with the teachings of People v. Kimbley, supra. Of course, had appellant elected to appeal his case, he might have obtained the same benefits O'Neal did—but he did not choose to so appeal. The *Kimbley* instruction itself is not violation of due process within the meaning of the Fourteenth Amendment. The fact that the

Supreme Court of California, after appellant's trial, chose to require a more complete instruction cannot make it so.

### E. Cruel and unusual punishment.

While appellant was tried after Robinson v. State of California, 370 U.S. 660, 82 S.Ct. 1417, 8 L.Ed.2d 758 (1962), he cannot rely on its "cruel and unusual punishment" theory, because of the distinction made by the California Supreme Court between the crime charged in *Robinson* (status of addiction) and that charged here (the act of driving described in § 23105 of the California Vehicle Code).

*Robinson*, supra, held that conviction for being addicted—the status of addiction—without proof of use or possession of the narcotic within the state, was a cruel and unusual punishment.

The California Supreme Court has held § 23105 constitutional, and not "cruel or unusual punishment." In footnote 9 of People v. O'Neil, supra, 62 Cal.2d at 754, 44 Cal.Rptr. at 323, 320 P.2d at 931, the Supreme Court of California said:

"For this reason the proscription found in section 23105 does not fall under the holding of Robinson v. California (1962) 370 U.S. 660, 82 S.Ct. 1417, 8 L.Ed. 758, which declared unconstitutional that portion of Health and Safety Code, section 11721, which made criminal the *status* of narcotic addiction. The criminal offense proscribed by section 23105 is the *driving* of a vehicle, not the condition of addiction. The Legislature's decision to punish as a felon the individual who drives a vehicle while 'under the influence' of a narcotic drug is also clearly reasonable; such an individual represents a potentially serious hazard to public safety. Medical authority supports the view that a person under the influence of a narcotic drug lacks the full measure of his capabilities; the presence of the drug within his system increases his reaction time, diminishes

1. We need not pass on the question whether appellant, admitting nine prior felony convictions (State Court Tr. p. 3), was

or was not innocent and unknowledgeable in the ways of criminal procedure.

his perception, and clouds his judgment. While various drugs produce differing effects, the physical manifestations which may be exhibited by persons while under the influence of the more common narcotics are as follows: opiates, morphine, and morphine-like analgesics and barbiturates characteristically induce a somnolent state. (Proceedings, White House Conference of Narcotic and Drug Abuse (1962) pp. 279–285.) Marijuana commonly results in a distortion of the individual's perception of time and space. (Id. at p. 286.) Reports indicate that amphetamines often give rise to hallucinations. (Id. at p. 287.)" (Emphasis added.)

We recently made a somewhat similar distinction in Weissman v. United States, 373 F.2d 799 (Ninth Circuit 1967).

 We agree with the California Supreme Court that California Vehicle Code § 23105 is a proper exercise of the state's police power, and the punishment fixed therefor (state's prison, one to five years, or county jail, ninety days to one year, or a fine of $200 to $5,000) is not inherently cruel nor cruelly excessive.

■ Appellant urges in his brief (p. 23) that he was convicted of driving an auto "while being addicted." This was only a part of the charge against him. In addition, the statement in his brief is contrary to the allegations in his petition for a writ of habeas corpus (C.T. p. 2, line 5) that he was convicted of driving "under the influence of narcotics." He was so charged. There was an abundance of evidence that appellant drove a vehicle on a public highway while under the influence of narcotics.[2]

At the time of appellant's arrest, it was the opinion of witnesses that he was under the influence of a narcotic. Such evidence existed apart from any admissions made by appellant. In the light of such evidence, it is difficult to see how a jury could fail to convict. In our opinion, the trial was fair.

Finding no error, we affirm the denial of the writ of habeas corpus.

---

**2.** Appellant was driving the vehicle at a high rate of speed when arrested. He was unsteady on his feet, but had no alcoholic breath. "His arms revealed 10 or 20 fresh marks of needles, and 15 or 25 old marks." He was booked "at the Stockton County Jail for 'Under the influence of Narcotics' and 'Driving while under the influence of Narcotics'."

Exhibit A—Appellant's petition for a "Writ of Error Coram Nobis and Habeas Corpus Testificandum," dated July 20, 1965, (See Ex. B) and certified to be true and correct under penalty of perjury.