[Crim. No. 13076.   Second Dist., Div. Four.   July 29, 1969.]

THE PEOPLE, Plaintiff and Respondent, v. NORMAN ARTHUR ENGOLS, Defendant and Appellant.

308

Richard S. Buckley, Public Defender, Steven Hough, Gerald McC. Franklin, James L. McCormick, Deputy Public Defenders, Sherman A. Itlaner and J. Thomas Ashforth for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Richard Tanzer, Deputy Attorney General, for Plaintiff and Respondent.

KINGSLEY, J.—Defendant was arrested on a charge of battery. Because his arms showed marks of narcotic injection and because of his physical and mental condition at the time of arrest, a police officer filed an application, pursuant to section 3100.6 of the Welfare and Institutions Code,[1] for his admission to jail as a possible narcotic addict. A narcotic addiction petition was thereafter filed, pursuant to section 3100; two doctors were appointed to examine him and they filed their reports to the effect that he was a narcotic addict and recommending commitment to the California Rehabilitation Center. On May 12, 1966, the hearing provided for in section 3106 was held, resulting in a finding that defendant was an addict and committing him to the center. Defendant exercised his right under section 3108 to demand a jury trial and was released on bail pending that trial. After various continuances, the case came on for hearing before a jury on July 11-13, 1966. The verdict was that defendant was an

---

[1]Subsequent statutory references are to the Welfare and Institutions Code unless otherwise indicated.

addict; the commitment ordered on May 12, 1966, was carried into execution. He has appealed.[2]

## I

While counsel urges several matters connected with the original hearing, we deem only one of them important enough to call for comment in this opinion, since the other matters, if error, were adequately cured by the fact that the issue of addiction was retried before the jury. Defendant objects that statements made by him to the examining physicians were admitted against him in violation of *Miranda*. That point has recently been considered by us and decided adversely to the contention here made. (*People* v. *Garcia* (1969) 268 Cal.App. 2d 712 [74 Cal.Rptr. 103].)

## II

At the jury trial stage, defendant offered evidence that, after the court trial, he had joined the Teen Challenge Center of Los Angeles, had lived there in the interim, had not used narcotics during that time and felt no emotional need for narcotics. Some of this evidence was admitted, some was excluded because the trial court felt that the witness produced was not an expert on the manifestations of addiction, some was excluded on the theory that defendant's status as an addict at a time after the May 12th hearing was immaterial.

It is clear that the dominant issue at the jury trial was whether defendant's status was to be judged as of May 12th, or as of the date of the jury trial. In response to a specific question from the jury, the trial court instructed them that the issue was addiction *vel non* as of May 12, 1966—*i.e.*, as of the date of the order of commitment entered after the first (court) hearing. For the reasons hereinafter set forth, we conclude that the trial court was correct in its instruction to the jury, but that its rulings on the admissibility of evidence improperly excluded matters that were relevant to the determination of defendant's addictive status on that date.

## III

Both sides admit that there is no square authority on the issue herein involved. The statute, by cross-reference to section 5572 (formerly section 5125) sets out the issue as

[2]The notice of appeal also noted an appeal from an order denying judgment non obstante veredicto and from an order denying a new trial. The latter order is not appealable; our determination as to the order of commitment renders the other order moot. We dismiss those portions of the appeal.

being whether or not the defendant *is* addicted (or *is* in imminent danger of addiction). As counsel points out, that language, without more, would clearly suggest that the issue should be determined as of the date of trial, not as of some earlier date. The People point to language in *In re Trummer* (1964) 60 Cal.2d 658 [36 Cal.Rptr. 281, 388 P.2d 177], which they contend requires the construction adopted by the trial court. In that case, the defendant had not received a jury trial prior to his delivery to the Rehabilitation Center. The Supreme Court held that, as a matter of law, such a jury trial should have been granted and directed that one be afforded to him. In so ordering, the court said that he was entitled to a jury trial on the issue of addiction as of *the time of his original commitment.*

In *Trummer* the Supreme Court was concerned only with whether the trial—to take place from two to four years after commitment—should relate to the status as of that time or as to the time when the jury trial should have been held. The holding that the jury trial should relate back meant only that; it did not involve the narrower issue herein involved. In most cases, the jury trial will follow the 3106 hearing closely, or defendant will have been in custody in the interim, or both, so that no significant change in his emotional involvement could have occurred. But where, as in the case at bench, the time interval is more than nominal, and defendant has been free to use narcotics had he so desired, there is a strong argument for having the jury, in the second judicial hearing, determine addiction (or danger of addiction) as of the date of the jury trial. As counsel points out the use of the present tense in section 5572 points in that direction. In addition, since the purposes of the Narcotic Rehabilitation Act are remedial and not punitive, there is merit in the contention that no public purpose would be served by ordering a commitment even for the original 60-day period to accomplish a rehabilitation already achieved.

However, we conclude that those arguments run counter to a legitimate legislative purpose—namely that of insuring that individuals once addicted, or once so close to addiction as to have been in imminent danger thereof, should not be released to society without supervision until their rehabilitation is reasonably assured. As the Supreme Court has pointed out in *In re De La O* (1963) 59 Cal.2d 128 [28 Cal.Rptr. 489, 378 P.2d 793, 98 A.L.R.2d 705], in *People* v. *Victor* (1965) 62 Cal.2d 280 [42 Cal.Rptr. 199, 398 P.2d 391], and in *People* v.

*Bruce* (1966) 64 Cal.2d 55 [48 Cal.Rptr. 719, 409 P.2d 943],
addiction is the result of a long period of use and of a grow-
ing physical and emotional dependence; the reversal of that
status is, also, a long time process, involving a series of trial
and error periods of controlled freedom. Under section 3200, a
person once committed is not entitled to discharge from the
program until he has abstained from the use of narcotics for a
minimum period of three consecutive years.[3] We think that
the Legislature reasonably intended that, once a person has
been found to be addicted or in imminent danger of addiction,
the rehabilitative process should follow, for the three-year
period, even though some evidence of rehabilitation has
appeared earlier. If that were not so, the whole process of
parole, return to custody, and re-parole, elaborately set up in
the statute,[4] would be without meaning.

It follows, then, that the function of the jury trial is to
permit a second hearing, with an opportunity for new evi-
dence, but on the same issue as that involved at the first
(court) hearing—namely the status as of the date of the first
hearing. The trial court, therefore, properly instructed the
jury in response to its specific inquiry.

## IV

However, we think the trial court unduly restricted
defendant in offering evidence that was relevant on the ques-
tion of his status on May 12th. For the very reasons above set
forth—namely the fact that addiction and danger of addic-
tion are matters of a long period of time and not of a single
moment, evidence of defendant's conduct, and of his mental
and physical condition between May 12th and July 12th was
material and admissible because it shed light on the accuracy
of the diagnosis made by the doctors who testified on the basis
of examinations antedating May 12th, and on the accuracy of
the judge's finding on that date. Medical and psychiatric tes-
timony as to the presence or extent of either physical or emo-
tional involvement admittedly is not a matter of exact
determination. Evidence as to the conduct and state of mind
of the defendant, both before and after his section 3104 exam-
inations, may tend to show that the medical opinion was
wrong and that, although a user, defendant had not, on the

[3]Unless, of course, the person is discharged as uncured after seven (or
in some cases ten) years, under section 3201.

[4]Sections 3150-3153.

determinative date, been addicted or in danger of addiction, in the sense that those terms are used in the statute.

The trial court admitted some of the evidence that defendant offered; some of the tendered evidence was properly rejected as being in the form of an opinion by someone not shown to be qualified as an expert. But the court also refused to allow evidence that defendant had not used narcotics after May 12, that his appearance and demeanor had not indicated any such usage, and other evidence to the same general effect. That evidence, although it also tended to show a "cure" after May 12th, was important as a basis for an argument that the changes in conduct and attitude, within such a short period, evidenced that defendant had not been addicted or in any imminent danger of addiction when first examined. It is true that expert evidence might rebut such an inference, or that the jury might reject it. But admissibility does not turn on the trial court's, or our, belief in either credibility or in effectiveness. Defendant was deprived of material evidence and we cannot say that it might not have resulted in a different determination.

The order of commitment is reversed with directions to afford defendant a new jury trial on the issue of his status as of May 12, 1966.

Files, P. J., and Dunn, J., concurred.