[Crim. No. 17894. Second Dist., Div. Four. July 16, 1971.]

THE PEOPLE, Plaintiff and Respondent, v.
BENJAMIN CANDELARIA, Defendant and Appellant.

## COUNSEL

Julian J. Schamus, under appointment by the Court of Appeal, for Defendant and Appellant.

Evelle J. Younger, Attorney General, William E. James, Assistant Attorney General, and Arnold E. Ogren, Deputy Attorney General, for Plaintiff and Respondent.

## OPINION

**FILES, P. J.**—On January 5, 1970, the district attorney filed a petition seeking the civil commitment of appellant under Welfare and Institutions Code section 3100.6 as a person addicted or in imminent danger of becoming addicted to the use of narcotics. After a hearing the superior court entered judgment on January 15, 1970, committing him to the Director of Corrections for treatment in the Narcotic Rehabilitation Center. He is appealing from the judgment, arguing that his constitutional rights were violated in several respects. None of his contentions has merit.

██ The evidence was not the inadmissible product of any unlawful police conduct.

The record permitted the trial court to determine that the circumstances of appellant's arrest were as follows: On December 31, 1969, two narcotics officers were driving their vehicle out of a driveway in a residential area when appellant drove his automobile directly at the officers and

skidded his car to an abrupt halt about six to ten feet away. Officer Del Rosario recognized appellant as a man he had arrested two months earlier. At the time of that arrest there were on appellant's body some 75 punctures characteristic of heroin injections. Officer Del Rosario believed appellant was a narcotics addict.[1]

The officer walked to appellant's vehicle and asked for a driver's license. Appellant stepped out and said he had none. Appellant's eyes were pin-pointed and did not appear to react to light; his motor movements were slow; his speech was slurred and somewhat thick. Appellant's left wrist showed a raised and discolored "track," and several puncture wounds. The officer placed appellant under arrest for driving under the influence of narcotics, and transported him to the jail infirmary. There he was examined by a physician whose findings became the basis for the petition filed on January 5.

Upon this record the trial court properly concluded that the initial detention and subsequent arrest of appellant were reasonable and lawful.

■ It was not a violation of appellant's privilege against self-incrimination, or his Sixth Amendment right to counsel, for the physician to interview appellant in the jail infirmary, without counsel, as part of his medical examination. The warning-and-waiver requirements established in *Miranda* v. *Arizona,* 384 U.S. 436 [16 L.Ed.2d 694, 86 S.Ct. 1602, 10 A.L.R.3d 974], and *People* v. *Dorado* (1965) 62 Cal.2d 338 [42 Cal.Rptr. 169, 398 P.2d 361] do not apply. The information so obtained by the physician was properly received in evidence at the ensuing court hearing. (*People* v. *Garcia* (1969) 268 Cal.App.2d 712 [74 Cal.Rptr. 103]. Accord: *People* v. *Engols* (1969) 275 Cal.App.2d 307, 309 [79 Cal.Rptr. 608]; *People* v. *Clark* (1969) 272 Cal.App.2d 294, 297 [77 Cal.Rptr. 50]; *People* v. *Lipscomb* (1968) 263 Cal.App.2d 59, 67 [69 Cal.Rptr. 127]; *People* v. *Hill* (1967) 249 Cal.App.2d 453, 459 [57 Cal.Rptr. 551].)

■ Appellant argues the statutory procedure set forth in Welfare and Institutions Code section 3100 et seq. is unconstitutional on its face because it provides no statutory time limit within which a hearing must be held after the petition is filed. He does not contend he did not receive a speedy trial. Appellant was committed on the tenth day after the petition was filed.

The statute is not constitutionally defective in this respect. There is no need to assume that the superior court will not set and hear this kind of case with reasonable promptness. If the federal and state constitutional

---

[1] It is a felony for an addict to drive a vehicle on a highway. (Veh. Code, § 23105; *People* v. *Lamb* (1964) 230 Cal.App.2d 65 [41 Cal.Rptr. 157].)

right to a speedy trial in a criminal case is applicable to this kind of commitment proceeding, the constitutional guaranty is self-executing. No legislation is required to carry it into effect. (*Jones* v. *Superior Court* (1970) 3 Cal.3d 734, 738 [91 Cal.Rptr. 578, 478 P.2d 10].)

Appellant's other argument is that he was denied equal protection of the law in that section 3100.6 authorizes his commitment upon the examination and testimony of a single physician. He points out that for petitions filed under section 3100 an examination by two physicians is required; and that other statutory procedures for civil commitment for the purpose of involuntary treatment in a state institution require examination by two physicians. He refers to Welfare and Institutions Code section 6350 et seq. (commitment of narcotic drug addicts), Welfare and Institutions Code section 6300 et seq. (mentally disordered sex offenders), and Welfare and Institutions Code section 6400 et seq. (habit-forming drug addicts).

The circumstances justifying a proceeding under section 3100 are significantly different from the circumstances under which section 3100.6 is used. A petition under section 3100 may be filed by the district attorney upon the sworn report of anyone. The court then orders the person to be examined by two physicians (§ 3102). The person may be confined, pending hearing, upon the sworn report of a physician who has examined the person within 72 hours. If upon examination the two appointed physicians report that the person is an addict or in imminent danger of becoming addicted, the person is arraigned before the judge and a hearing is held in due course (§ 3104).

Section 3100.6 authorizes a peace officer or health officer who has reason to believe a person is addicted or in imminent danger of addiction to take such person to a designated medical institution and make written application for such person's admittance. The superintendent may admit the person, and a physician shall thereafter conduct an examination. If the examination so indicates, the physician or superintendent reports to the district attorney, who then may file the petition in the superior court.

It will be noted that a section 3100 proceeding may commence upon the request of anyone, and the examination by the appointed physicians follows. The alleged addict is not necessarily in a medical facility when all of this is done. Proceedings under section 3100.6 are initiated only by an officer, who has a public responsibility, and who presumably has some training and experience to guide him, who brings the subject to the medical institution, where the superintendent, another responsible official, receives him. The examination by the single physician is conducted in this setting.

The Legislature has a broad discretion in prescribing classifications,

and its determinations are presumed valid (see *Whittaker* v. *Superior Court* (1968) 68 Cal.2d 357, 367 [66 Cal.Rptr. 710, 438 P.2d 358]; *In re De La O* (1963) 59 Cal.2d 128, 150 [28 Cal.Rptr. 489, 378 P.2d 793, 98 A.L.R.2d 705]). ▮ We cannot say it was unreasonable for the Legislature to create these distinct methods of initiating petitions for this kind of narcotics rehabilitation program. Nor does it appear unreasonable that an examination by a second physician would not be required under the section 3100.6 procedure wherein the initiating party is a public officer and the subject is in a designated medical institution at the time the petition is filed and at the time of the examination. It is fair to assume that in the ordinary case, the single physician on duty in the approved medical institution will be able to make an adequate examination and report.[2]

We note that under either type of proceeding the statute does not foreclose the examination of the alleged addict by other physicians or the production of other evidence on the issue. The alleged addict may have his own physician, and the court is not prohibited from appointing others if it finds good reason to do so. In *People* v. *Bruce* (1966) 64 Cal.2d 55 [48 Cal.Rptr. 719, 409 P.2d 943] there were four court-appointed physicians and four others called by the alleged addict.

The other statutory procedures referred to by appellant involve entirely different commitment programs. The number of medical examiners required by law for those proceedings has no relevancy to the fairness and appropriateness of the procedure authorized for the case at bench. Nothing in *In re Gary W.* (1971) 5 Cal.3d 296 [96 Cal.Rptr. 1, 486 P.2d 1201] indicates a different result here.

The judgment is affirmed.

Jefferson, J., and Dunn, J., concurred.

A petition for a rehearing was denied August 3, 1971.

---

[2]In the case at bench the evidence of addiction was uncontested. Although appellant took the witness stand to try to show that the officer lacked probable cause to arrest him, appellant did not say anything about whether he was addicted or under the influence at the time of his arrest.